IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES DAVID COCHRAN                                                                                    PETITIONER
ADC #122317

v.                                                    4:22-cv-00418-LPR-JJV

DEXTER PAYNE, Director
Arkansas Division of Correction; *et al.*                                                    RESPONDENTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.      INTRODUCTION**

Petitioner James David Cochran, an inmate at the Grimes Unit of the Arkansas Division of Correction, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2). He alleges Respondents Dexter Payne, Director of the Arkansas Division of Correction (ADC), Solomon Graves, Secretary of the Arkansas Department of Corrections, Moses Jackson, a warden at the Grimes Unit, and Howard Watts, an area parole officer in Polk County, have violated

his "contractual right to release based on the Parol[e] Board's contract for release" and thus caused his "extended and unlawful incarceration for over a year." (*Id.* at 1, 3). I have conducted a preliminary review of Mr. Cochran's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, it plainly appears Mr. Cochran is not entitled to relief. Accordingly, I recommend the Petition be dismissed without prejudice.

## II.   ANALYSIS

The essence of Mr. Cochran's claim is that the procedures used by Respondents to release level III sex offenders, like himself, into the community violated his "due process rights by the stated contractual agreement from and by the Parole Board." (*Id.* at 2). Additionally, he alleges Respondents have failed to "seek outside resolutions" or develop suitable programs to "effectuate the transfer to community custody of such inmates." (*Id.* at 3). Petitioner asks the court to "compel the ADC to provide assistances which requires considerations of housing options for Petitioner in other counties rather than the ones that disapprove such release plans, and if disapproved this court should require the ADC to reconstruct the conditions of release." (*Id.* at 4). He also requests a hearing so that he can "give testimony" to the parole system's "shortcomings." (*Id.* at 7).

Such a claim is not cognizable in a petition for writ of habeas corpus because there is no constitutional right to parole. *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984) ("[T]he Arkansas parole statutes do not create a liberty interest because they provide that the parole board 'may' instead of 'shall' grant parole and because the substantive limitations on the Board's discretion are minimal."). Further, the Arkansas

Supreme Court has emphasized it is the Parole Board who "retains the power over who shall be placed on parole, and the time and *conditions of parole.*" *Hodges v. Norris*, No. 02-786, 2004 WL 439982, *2 (Ark. Mar. 11, 2004) (unpub.) (emphasis added); *see Henderson v. Campbell*, 975 F.2d 866 (8th Cir. 1992) (unpub. table op.) (emphasizing that "parole officers possess wide discretion in imposing conditions of parole" when dismissing § 1983 action seeking defendant's grant of preferred parole-release plan or explanation of why plan was unsuitable). "When a prisoner is committed to the custody of a state penal authority (*e.g.,* the ADC), he can be assured of only one thing – that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995). Because neither the Constitution of the United States nor Arkansas law creates a liberty interest in parole there is no federal right implicated. Thus Mr. Cochran's habeas Petition is not cognizable in this court and should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Cochran has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Cochran's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice and the requested relief be DENIED.

2.  A certificate of appealability not be issued.

DATED this 12th day of May 2022.

                                              _____
                                              JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE